THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* GREGORIO RODRÍGUEZ FERRER, Defendant and Appellant.

No. 7740.   Argued December 1, 1939.—Decided December 8, 1939.

*R. H. Blondet*, for appellant.   *R. A . Gómez, Prosecuting Attorney* and *Luis Janer, Assistant Prosecuting Attorney*, for The People, appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

As a result of the suit prosecuted against Gregorio Rodríguez Ferrer for a crime of mayhem, the jury found him guilty of aggravated assault and battery, and he was sentenced to eight months imprisonment in jail, with costs.

He appealed to this Court and in the brief presented by him contends that the judgment should be reversed because

724

the evidence which filed before the jury is contradictory; because the jury, when it weighed the evidence, did not have in mind the presumption of innocence which the law establishes in favor of every defendant, and lastly, because the penalty is excessive.

The mere fact that the evidence was contradictory does not imply that the judgment should be reversed, unless it appear from the record that the jury committed manifest error in its weighing of the evidence or that it acted moved by passion, prejudice or partiality. In the present case the evidence does not reveal such circumstances. On the contrary, from the State's evidence it appears that while the victim was playing dominoes with some friends in a house where a wake was being held, the defendant arrived in a state of intoxication and tried to take part in the game, to which the victim and his companions did not consent; that the defendant withdrew and some time afterward returned and wounded the victim in the face with a razor.

From the evidence for the defense it appears that the injured party and his friends attacked the defendant and the latter, in self-defense, inflicted upon him the wound to which we have made reference.

The jury did not give credit to the evidence for the defense and instead accepted the State's, but considering that the offense committed was that of aggravated assault and battery and not mayhem, lowered the qualification and brought in the verdict which resulted in the sentence appealed from. No error was committed by the jury in settling the conflict in the evidence in the way it did.

Neither does the second error exist, because the presumption of innocence which accompanied the defendant until the moment when a verdict was reached, ceased at that very moment and was destroyed, in the jury's opinion, by the evidence for the State.

The third and last of the errors imputed by the appellant lacks any basis, since the maximum penalty estab-

lished by the Penal Code for the offense of aggravated assault and battery is two years in jail, and as the eight months penalty imposed on the defendant is included within the limits of that established by law for this offense, the trial court acted correctly when it imposed said penalty, especially when the nature of the assault is taken into consideration.

For the reasons set out above, the judgment appealed from must be affirmed.